# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Midas Life Settlements, LLC,

       Plaintiff,

   v.

BNC National Bank, in its capacity
as trustee of the Norman Murdock 2008
Irrevocable Trust, and Patricia C.
Murdock, as beneficiary of the Norman
Murdock 2008 Irrevocable Trust,

       Defendants.

Patricia C. Murdock, as beneficiary
of the Norman Murdock 2008
Irrevocable Trust,

       Counterclaim Plaintiff,

   v.

Midas Life Settlements, LLC,

       Counterclaim Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 11-841 ADM/AJB

---

Peter A. Bicks, Esq., Stephen G. Foresta, Esq., and Philipp Smaylovsky, Esq., Orrick, Herrington, & Sutcliffe LLP, New York, NY, and Clifford M. Greene, Esq., and Sybil Dunlop, Esq., Greene Espel P.L.L.P., Minneapolis, MN, on behalf of Plaintiff Midas Life Settlements, LLC.

Richard J. J. Scarola, Esq., and Alexander Zubatov, Esq., Scarola Malone & Zubatov LLP, New York, NY, and Scott G. Knudson, Esq., Briggs and Morgan, P.A., Minneapolis, MN, on behalf of Defendant Patricia C. Murdock.

---

# I.  INTRODUCTION

The above-entitled matter is before the undersigned United States District Judge on

Plaintiff Midas Life Settlements, LLC's ("Midas") Motion [Docket No. 72] to Alter or Amend Judgment and/or for Relief from Judgment Pursuant to Fed. R. Civ. P. 59(e) or 60(b)(6).  For the reasons stated herein, Midas' Motion is denied.

## II.  BACKGROUND

On October 20, 2011, the Court denied Midas' Motion for Judgment on the Pleadings [Docket No. 35] and granted Defendant Patricia C. Murdock's ("Mrs. Murdock") Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment [Docket No. 43].  See Mem. Opinion and Order, Oct. 11, 2011 [Docket No. 67] ("Order").  The competing dispositive motions sought a declaratory judgment of entitlement to the insurance proceeds (the "Proceeds") of a $13 million life insurance policy (the "Policy") on the life of Mrs. Murdock's deceased husband, Norman Murdock ("Mr. Murdock"), who died on September 11, 2010.

Midas alleged it was entitled to the Proceeds because the Policy had transferred from the Norman Murdock 2008 Irrevocable Trust (the "Trust"), of which Mrs. Murdock was the sole beneficiary, to CFC of Delaware III LLC ("CFC"), Midas' predecessor in interest, on September 6, 2010, pursuant to a Delayed Transfer Agreement ("Transfer Agreement").  Compl. [Docket No. 1] ¶¶ 3-5, 27-29, 36-39, Ex. A (Transfer Agreement).

Mrs. Murdock alleged she was entitled to the Proceeds because the Transfer Agreement was nullified when Mr. Murdock died before the Closing Date of the Policy transfer.  Countercl. [Docket No. 17, p. 8] ¶¶ 41-52.  The Transfer Agreement stated: "[t]his Agreement shall automatically terminate if the Insured dies prior to the Closing Date."  Id. ¶ 44 (quoting Transfer Agreement ¶ 5.5).  The Closing Date was defined as the date the conditions precedent set forth in Section 3 had been satisfied.  Id. ¶ 42; Transfer Agreement ¶ 1.2.

2

Finding Midas had failed to produce evidence that a Closing Date had occurred before Mr. Murdock died, the Court granted summary judgment to Mrs. Murdock.  Order at 12-17.  In so ruling, the Court rejected Midas' argument – raised in its memorandum of law and at the hearing –  that Mrs. Murdock had not alleged that the conditions precedent in Section 3, Paragraph 3.2 of the Transfer Agreement (the "Section 3.2 Conditions") were unsatisfied at the time of Mr. Murdock's death.  The Court found the allegation had been pleaded because the Counterclaim alleged:  (1) the Closing Date would happen only after the Section 3 Conditions were satisfied, and (2) the Policy transfer had not been consummated as of the date of Mr. Murdock's death.  Id. at 13 (citing Countercl. ¶¶ 42, 52).

Following the entry of judgment for Mrs. Murdock, Midas filed this Motion, arguing Mrs. Murdock was required to plead the nonoccurrence of the Section 3.2 Conditions with particularity under Federal Rule of Civil Procedure 9(c).

## III.  DISCUSSION

"Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'  Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."  Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal citations omitted).  Rule 60(b) allows for relief from a judgment based on one of five specifically enumerated grounds and "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Relief under Rules 59(e) and 60(b) is granted only in "extraordinary" circumstances.  United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986).

The Court has reviewed the parties' pleadings and briefs, as well as the transcript from oral argument, and considers Midas' Motion to be an improper "second bite at the apple," as it raises arguments which could have been raised in the summary judgment context.  See Dale & Selby Superette & Deli v. United States Dep't of Agric., 838 F. Supp. 1346, 1347-48 (D. Minn. 1993).

Federal Rule of Civil Procedure 9(c) states: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.  But when denying that a condition precedent has occurred or been performed, a party must do so with particularity."  Midas argues that because Mrs. Murdock did not plead the unfulfilled Section 3.2 Conditions with particularity, the conditions are deemed satisfied, and Midas is entitled to judgment as a matter of law.  Midas further insists that Mrs. Murdock's failure to plead the unfulfilled Section 3.2 Conditions with particularity deprived Midas of notice and the opportunity to conduct discovery and to present evidence rebutting Mrs. Murdock's summary judgment motion.  Midas contends that, had it been provided such opportunity, it would have moved for summary judgment and presented evidence refuting Mrs. Murdock's specific allegations.  Midas' Motion is accompanied by the declaration [Docket No. 75] of a former executive at Midas who attests that all of the Section 3 Conditions were satisfied on or before September 5, 2010.

However, Midas was aware of and replied to Mrs. Murdock's allegations and argument that the Section 3.2 Conditions had not been satisfied as of the date Mr. Murdock died.  See Pl.'s Reply Mem. [Docket No. 56] at 8-9.  In so replying, Midas could have but did not raise the particularity requirements of Rule 9(c).  Indeed, Midas itself did not adhere to Rule 9(c),

because it did not affirmatively allege that all of the conditions precedent in the Transfer Agreement had been performed.  <u>See generally</u> Compl.; <u>see also</u> <u>Havens Steel Co. v. Randolph Eng'g Co.</u>, 613 F. Supp. 514, 533 (W.D. Mo. 1985) ("Rule 9(c) placed a requirement upon Randolph to plead, affirmatively if only generally, 'that all conditions precedent have been performed or have occurred.'  Had Randolph done so Havens would then – but only then – have been obligated to make its denial of the point 'specifically and with particularity.'" (quoting Fed. R. Civ. P. 9(c)).  Instead of arguing the Counterclaim lacked the specificity required under Rule 9(c), Midas replied that unfulfillment of the Section 3.2 Conditions had not been pled *at all*, and that the reason they had not been pled was because the satisfaction of those conditions was "completely irrelevant" to the dispute.  Pl.'s Reply Mem. at 8; H'rg Tr., Aug. 23, 2011 [Docket No. 65] ("Transcript") at 38.  Midas insisted the Section 3.2 Conditions were immaterial because those conditions ran in favor of Midas and could be waived by Midas.  Pl.'s Reply Mem. at 8-9.  The Court rejected these arguments, because the Counterclaim did allege the Closing Date had not occurred before Mr. Murdock died, and because establishing when the Section 3.2 Conditions had been satisfied was necessary to determining whether the Closing Date occurred before Mr. Murdock's death.  Order at 13.

Midas was not blindsided by the issue of establishing when the Section 3.2 Conditions were fulfilled.  Further, Midas was not precluded from presenting evidence on this issue.  While Midas insists Mrs. Murdock did not raise the issue as a basis for summary judgment until her reply brief, the parties' dispositive motions followed simultaneous briefing schedules, and Mrs. Murdock argued in her opposition brief that Midas had provided no evidence of when the Section 3.2 Conditions were satisfied.  Def.'s Mem. in Opp'n [Docket No. 49] at 19-22.  Thus,

Midas had ample opportunity in its reply brief and at oral argument to request additional time to conduct discovery or to submit evidence on the issue.  Not only did Midas decline to avail itself of this opportunity, Midas stated twice during oral argument that the Court need not look outside the terms of the Transfer Agreement to resolve the dispute because, according to Midas, the terms of the Transfer Agreement were clear and unambiguous, and the parties' expectations under the Transfer Agreement were that the conditions precedent would be satisfied on September 5, 2010.  Transcript at 36, 37.

Midas also argues that, notwithstanding the Rule 9(c) argument, there was sufficient evidence on the record to raise a genuine issue of fact precluding summary judgment.  Midas relies on e-mail communications dated September 3, 9, and 11, 2010 from Lin Harman, a Vice President at BNC, to CFC, requesting a loan satisfaction letter.  See Scarola Aff. [Docket No. 46] Ex. M at 2-3.  Midas argues the e-mails demonstrate that BNC, as both trustee of the Trust and CFC's administrative agent, understood as early as September 3, 2010 that all conditions precedent to the consummation of the Policy had been satisfied as of September 5, 2010.  However, the requests by CFC's administrative agent are not probative of whether or when an authorized decisionmaker at CFC had determined the conditions precedent to be satisfied or waived.  Indeed, at the time of the first request on September 3, 2010, the conditions precedent that the loan have not been repaid and that Mr. Murdock be alive on September 5, 2010 had not been satisfied.  Midas also argues a February 2, 2011 e-mail from Ms. Harman to Mrs. Murdock's counsel stating her understanding the Policy was "surrendered" on September 5, 2010 evinces the conditions precedent had been fulfilled on that date.  See Scarola Aff. Ex. Q. However, Ms. Harman bases her understanding of the surrender date on the language in the

Transfer Agreement specifying September 5, 2010 as the transfer date, and not on her knowledge of the date CFC determined all conditions precedent had been satisfied or waived. Thus, as the Court previously determined, this communication is not probative of when the Closing Date occurred.  Order at 15.

In sum, Midas had notice of Mrs. Murdock's allegation that the Section 3.2 Conditions had not been satisfied before Mr. Murdock's death.  Midas had the opportunity in its reply brief and at oral argument to raise the Rule 9(c) particularity requirement or to request additional time to conduct discovery and submit evidence showing when the Section 3.2 Conditions had been satisfied.  Instead, Midas chose to rely on its position that satisfaction of the Section 3.2 Conditions was not relevant to this dispute.  Because Midas now raises arguments and offers evidence that could have been raised and offered prior to the entry of judgment, the Court finds no manifest errors of law or fact, nor other extraordinary circumstances warranting relief from the judgment.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Midas' Motion [Docket No. 72] to Alter or Amend Judgment and/or for Relief from Judgment Pursuant to Fed. R. Civ. P. 59(e) or 60(b)(6) is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 17, 2012.